951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Lee COATS, Defendant-Appellant.
 No. 89-50183.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1990.
Decided Dec. 23, 1991.
 
 Before D.W. NELSON, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Donald Lee Coats pled guilty to a charge of possession of five or more false identification documents in violation of 18 U.S.C. § 1028(a)(3). In exchange for his guilty plea, the government dropped a separate count charging him with conspiracy to possess marijuana with intent to distribute. Applying the Federal Sentencing Guidelines, the U.S. Probation Office prepared a pre-sentence report which calculated Coats' sentence under the guidelines to be four to ten months. Despite this presentence report, the district court departed from the guideline range and imposed a sentence of 36 months and an additional two years of supervised release.
 
 
 3
 Coats now appeals, claiming that 1) the court applied the Guidelines incorrectly by departing upwards and sentencing him to 36 months, and 2) the two-year term of supervised release was imposed in violation of law. We VACATE Coats' sentence and REMAND the case to the district court for resentencing.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Donald Lee Coats was arrested on June 24, 1988 after a nine-month investigation by the Drug Enforcement Administration. The DEA had obtained evidence tending to show that Coats had rented various houses, condominiums and apartments in California and Arizona using aliases and false identification. Each of the premises had been vacated by the time agents arrived, but inspections revealed residue of marijuana and cocaine, as well as wrappings and other paraphernalia consistent with the use of the residences as "stash houses" for the storage and distribution of illegal drugs. After learning that Coats would be arriving by plane in San Diego for the purpose of delivering false identification for the use of others, the DEA arrested him at the airport. A search of his luggage revealed several items of false identification, as well as materials for the manufacture of false identifications.
 
 
 5
 The government filed a seven-count indictment, charging Coats with a single count of conspiracy to possess marijuana with intent to distribute and six counts related to possession of false identification documents. After several preliminary motions, the government filed a superseding two-count indictment, charging Coats with one count of conspiracy to possess marijuana with intent to distribute, and one count of possession of five or more false identification documents.
 
 
 6
 After several months of negotiation, the parties reached a plea agreement. Under the terms of this agreement, the U.S. Attorney's office filed a superseding information which omitted the drug charge, and Coats pled guilty to the remaining single charge of possession of five or more false identification documents. Sentencing was set for March 27, 1989.
 
 
 7
 The U.S. Probation Office prepared a pre-sentence report which applied the Federal Sentencing Guidelines and determined the guideline range for the charged offense to be four to ten months of imprisonment, to be followed by up to a year of supervised release. The report recommended that the court sentence Coats to ten months of imprisonment, followed by one year of supervised release. The report also suggested that the trial court might want to consider the evidence connected to the dismissed drug charges as a factor warranting upward departure from the guideline range.
 
 
 8
 On the date of sentencing, the government formally dismissed all counts of the two indictments. At the sentencing hearing, Coats' counsel orally challenged certain assertions in the pre-sentence report and then asked that Coats be sentenced to time served, 208 days (within the guideline range). The prosecution asked for an upward departure to three years.
 
 
 9
 The court agreed to an upward departure based on the dropped drug charge. The judge imposed a sentence of 36 months imprisonment (the statutory maximum plus an upward departure of 26 months) and two years of supervised release (one year more than the statutory maximum).
 
 
 10
 Coats filed a timely notice of appeal.
 
 DISCUSSION
 A. Upward Departure
 
 11
 In recent decisions, this circuit has made clear that a district court may not depart upward on the basis of counts which have been dismissed pursuant to a plea bargain. See United States v. Faulkner, Nos. 89-10338, 89-10339 (9th Cir. May 13, 1991); United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1991). Under the holding of Castro-Cervantes and Faulkner, the district court's upward departure based on the dropped drug charge count was improper. As in those cases, "[i]t would be patently unfair if the court were allowed to hold [the defendant] to his part of the bargain ... while simultaneously denying him the benefits promised him from the bargain by relying on the uncharged and dismissed counts in sentencing him." Faulkner, Slip Op. at 6028. We therefore remand, and order to the district court to resentence the defendant accordingly.
 
 B. Two-Year Supervised Release
 
 12
 Appellant correctly points out that the two year term of supervised release was imposed in violation of law. The maximum term of imprisonment for the charge to which appellant pled guilty is more than one year but less than five years; the offense is therefore a "Class E" felony. 18 U.S.C. § 3559(a)(5). The maximum term of supervised release after imprisonment for a Class E felony is one year. 18 U.S.C. § 3583(b)(3).
 
 
 13
 Appellee concedes this point. We therefore order the district court to limit, on remand, the term of supervised release to not more than one year.
 
 
 14
 C. Writing Required by Fed.R.Crim.P. 32(c)(3)(D)
 
 
 15
 Appellant made oral objections at the sentencing hearing to certain language in the pre-sentencing report. Although no written objections had been submitted in advance (as required by local rules), Federal Rule of Criminal Procedure 32(c)(3)(D) requires that when information in a pre-sentencing report is challenged in any way, the district court must make either a written finding regarding the accuracy of any challenged information or a written determination that it was not relied on in sentencing. The written findings must be attached to the pre-sentence report before it is forwarded to the Bureau of Prisons. Strict compliance with this rule is required; failure requires remand for resentencing. United States v. Petitto, 767 F.2d 607, 609-10 (9th Cir.1985).[1]
 
 
 16
 The district court made no written findings or determinations regarding the contested information in the pre-sentence report. We instruct the district court to do so on remand.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These written findings or determinations are important for two reasons. First, because the Bureau of Prisons makes use of the pre-sentencing report for parole and other decisions, it is not enough for the trial court simply to ignore errors at sentencing--the uncorrected report is passed on. Petitto, 767 F.2d at 610. Second, for purposes of appellate review it is often necessary to have a clear record of which contested facts the court believed and relied on in sentencing. Id